JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
APPROXIMATELY $99,900 IN UNITED STATES CURRENCY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
AUSA Susan B. Gray
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
415-436-7324

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | **Habeas Corpus:** | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TITLE 21, UNITED STATES CODE, SECTION 881 (a)(6)

Brief description of cause:
Drug Related Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2/26/08

SIGNATURE OF ATTORNEY OF RECORD
Susan B. Gray

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

JOSEPH P. RUSSONIELLO (44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7324
Facsimile: (415) 436-6748
email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $99,900 IN UNITED STATES CURRENCY,<br><br>Defendant. | CV No. 08  1161<br><br>**COMPLAINT FOR FORFEITURE** |

In this in rem forfeiture action, the United States alleges:

**JURISDICTION**

1. This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355 and Title 21, United States Code, Section 881.

**PARTIES**

2. Plaintiff is the United States of America.

3. The in rem defendant is described as approximately $99,900 in United States currency.

The defendant is currently in the custody of the United States Marshals Service in the Northern District of California. The defendant currency was seized during the execution of a

1  search warrant at the residence of Michael Munoz following his arrest on July 18, 2006.

2      4.    There is probable cause to believe that the in rem defendant funds constitute proceeds of drug trafficking and/or were used to facilitate the sale and distribution of controlled substances and are thus subject to forfeiture, pursuant to Title 21, United States Code, Section 881(a)(6).

## VENUE

    5.    Venue lies in the Northern District of California, pursuant to Title 28, United States Code §§ 1355(b) and 1395, as acts giving rise to this in rem action occurred in this district and the defendant funds are located in this district.

## INTRADISTRICT ASSIGNMENT

    6.    This matter arises in Sonoma County because a substantial part of the events which give rise to the plaintiff's claims occurred in that county. Assignment in San Francisco is proper.

## FACTS

    7.    Plaintiff incorporates by reference the allegations of paragraphs one through six as though fully set forth herein.

    8.    On July 18, 2006, Michael Munoz (hereinafter "Munoz") spoke via telephone with an individual, who unbeknown to him was a law enforcement confidential informant (hereafter "CI"). Munoz agreed to sell the CI approximately two ounces of black tar heroin. Munoz did not indicate that he would have any problem in obtaining two ounces of black tar heroin for delivery that same day. The CI previously had purchased black tar heroin from Munoz on numerous occasions. They agreed to meet later that day in Kenwood, California. Munoz instructed the CI to be sure he brought the money.

    9.    After the telephone negotiations, officers from the Sonoma County Sheriff's Department observed a silver BMW driving in excess of the posted fifty mile an hour speed limit. The officers, who were in a marked police vehicle, were traveling at about seventy miles per hour and did not gain on the vehicle when they attempted to follow it.

    10.    The officers activated their lights and attempted to stop the car. The driver, later

COMPLAINT FOR FORFEITURE     2

identified as Michael Munoz, slowed, but did not stop. When Munoz failed to stop, the officers activated all of the emergency lighting and the siren on their vehicle. Munoz increased his speed to approximately eighty miles per hour and crossed the double yellow lines into on-coming traffic in order to pass other vehicles. At one point in the high speed chase, several drivers were forced to take evasive action to prevent a collision with Munoz.

11. During the pursuit, the officers briefly lost sight of Munoz in the 8300 block of Highway 12. Prior to losing sight of Munoz, the officers had not seen Munoz throw anything from the car. Shortly thereafter, Munoz stopped his car. He was placed under arrest for a violation of California Vehicle Code §2800.2(a): evading a peace officer with wanton disregard. Following his arrest Munoz was advised of his rights and made the following statements: He did not stop for police because he had recently purchased the car, did not want a ticket, and wanted to see if he could out run the officers, the only reason he stopped was because he had damaged his clutch.

12. When the officers explained that Munoz had put numerous other drivers at risk, Munoz stated that he knew exactly what he was doing, but his driving had not been a threat to anyone since no one had been hurt. He also told officers his address was 714 5th Street East, Sonoma, California.

13. After Munoz was arrested, officers went back to the 8300 block of Highway 12 where they had lost sight of Munoz during the pursuit. They found approximately two ounces of black tar heroin by the side of the highway.

14. On July 18, 2008, members of the Sonoma County Narcotics Task Force assisted by the Mendocino Major Crimes Task Force obtained and executed a state search warrant on Munoz's residence, 714 5th Street East, Sonoma, California.

15. A trained narcotics canine, "Caine", was brought to the scene to conduct a room to room search. Caine alerted to a bed side table in Monoz's bedroom, which was found to contain a small quantity of marijuana. Caine also alerted to a locked safe located in the bedroom closet. During a search of the safe, officers found $7,900 in United States currency. A digital scale and a plastic gram scale were located on a shelf in Munoz's closet.

16. During a search of the garage Caine alerted to a small locked safe located in a lower garage cabinet. Officers discovered $92,000 in United States currency in the safe.

17. The currency seized at Munoz's residence consisted of the following denominations: bedroom-79 x $100 = $7,900; the garage safe-98 x $50 = $4900, 871 x $100 = $87,100. The bundles of money found in the garage safe were sealed within white envelopes with various handwritten notations on them. Based upon their training and experience the agents knew the packaging and denominations of the money was consistent with currency used for, or from, the sale of illegal controlled substances

**FIRST CLAIM FOR RELIEF**
**21 U.S.C. § 881(a)(6)**

18. Plaintiff incorporates by reference the allegations of paragraphs one through seventeen as though fully set forth.

19. Title 21, United States Code, Section 881(a)(6) provides, in part, for the forfeiture of all monies or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate the distribution and possession with the intent to distribute a controlled substance, including violations of Title 21, United States Code, Sections 841 and 846.

20. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the defendant currency represents moneys furnished or intended to be furnished to another person in exchange for a controlled substance, constitutes proceeds derived from such an exchange, and was used or intended to be used to facilitate an offense, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Section 881(a)(6).

//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the defendant property, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that judgment of forfeiture be entered against said property, and that Plaintiff be awarded such relief as may be proper and just.

Dated: February 26, 2008

Respectfully submitted,

SUSAN B. GRAY
Assistant United States Attorney

COMPLAINT FOR FORFEITURE                                                                 5

| | |
|---|---|
| STATE AND NORTHERN DISTRICT OF CALIFORNIA ) | **VERIFICATION** |
| CITY OF WINDSOR AND COUNTY OF SONOMA ) | |

I, Seth M. McMullen, state as follows:

1. I am a Special Agent for the Drug Enforcement Administration. I am familiar with the facts in the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint for Forfeiture and based upon my participation in the investigation, review of relevant investigative reports, review of documentary evidence, and discussions with other persons involved in the investigation, I believe that the allegations contained therein are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 26TH day of February, 2008, Windsor, California.

_____
Seth M. McMullen
Special Agent
Drug Enforcement Administration

COMPLAINT FOR FORFEITURE                                                                 6