JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7324
   Facsimile: (415) 436-6748
   email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $99,900 IN UNITED STATES CURRENCY,<br><br>                Defendant. | **No. C-08-01161 EDL**<br><br>UNITED STATES REPLY RE: MOTION FOR DETERMINATION THAT CHERUBIM HURDLE HAS FAILED TO STATE A CLAIM TO DEFENDANT $99,000 IN UNITED STATES CURRENCY<br><br>OR IN THE ALTERNATIVE<br><br>MOTION TO STRIKE |

     The United States response to Cherubim Hurdle's Opposition is set forth below. As previously noted Supplemental Rule G(5)(a) provides in pertinent part:

     (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

        (A) identify the specific property claimed;

        (B) <u>identify the claimant</u> and <u>state the claimant's interest in the property</u>;

        (C) be signed by the claimant under penalty of perjury; and

        (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C)

        or (b)(ii)(D). (emphasis added)

///

The United States' initial motion demonstrated that Ms. Hurdle's letter failed to meet any of these requirements and her opposition to the United States' motion serves only to highlight the deficiencies in her purported claim.  While somewhat confusing, Ms. Hurdle's "claim" seems to be that she is "trying to find property that is seized . . . because if no one else claims it, then I have the right to claim it and restore my mother's money to me." Hurdle Opposition p. 5.  Thus, it would appear she is attempting to seek redress on her own behalf for some theft or crime committed in 1999.[1] *Id*.  However, earlier in her opposition, she states she is interested in "finding people entitled to their money and get[ting] it returned to them for a fee."[2] *Id*. at p.3.  She states she is interested in "being a consultant for individuals." *Id*.

Neither position meets the requirements of Supplemental Rule G(5)(a) or gives her standing to proceed in this case.  As the Ninth Circuit has explained, because the danger of false claims in civil forfeiture proceedings is "substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property." United States v. $100,348, 354 F.3d 1110, 1118-1119, (9th Cir. 2004); Mercado v. U.S. Customs Service, 873 F.2d 641, 645 (2d Cir. 1989) (there is a substantial danger of false claims in forfeiture proceedings"); United States v. $138,381 in U.S. Currency, 240 F. Supp 2d 220, 228 (E.D.N.Y. 2003) (same).  The verification requirement and the requirement that the purported claimant identify her interest in the property are the judicial system's first line of defense against the filing of false claims, such as the one before this Court.  *See e.g.*, Stefan D. Cassella, Asset Forfeiture Law in the United States, p.p. 276-279, ( JurisNet, 2007).  Indeed, these rules were put into place because there have been occasions when individuals with time on their hands have "perused the legal notices in

///

---

[1] The claim regarding theft also was raised by Ms. Hurdle in the letter she sent to the district court in Texas, but it was rejected by the Court, *see,* Exhibit G attached to United States Motion for Determination or to Strike.

[2] Although Ms. Hurdle states that she would be acting in a "consultant" capacity, her proposed "business" might also be characterized as the unauthorized practice of law.  Nor can she claim to be acting as a bailee pursuant to Supplemental Rule 5(a)(iii).  She failed to 1) identify the bailor or 2) state the basis for her authority to file a claim on behalf of a bailor.

1  the newspaper and filed claims in civil forfeiture cases even though they had no connection to the
2  property." *Id*. at 276.
3      In the instant case, the currency at issue was taken from a safe in Michael Munoz's home
4  during the execution of a search warrant. He, and his now deceased mother, were the only
5  claimants in the administrative forfeiture. After protracted settlement discussions the United
6  States and Mr. Munoz have agreed to a settlement of this matter.[3] Ms. Hurdle has provided no
7  basis to indicate that she has any interest in the defendant funds other than as a speculative
8  business opportunity or as redress for some unspecified theft which took place almost 10 years
9  ago.
10     For all of the above reasons, Ms. Hurdle has failed to state a claim, her letter should be
11 stricken as frivolous and her request for leave to amend her claim should be denied.

                            Respectfully submitted,

                            JOSEPH P. RUSSONIELLO
                            UNITED STATES ATTORNEY

Dated: August 13, 2008           /S/
                            SUSAN B. GRAY
                            Assistant United States Attorney

---

[3] Mr. Munoz has been represented by counsel, L.Stephen Turer, throughout the negotiations. One of the most disturbing aspects of Ms. Hurdle's frivolous claims is that her attempt to claim the funds for herself, or on behalf of future clients, has precluded the disbursement of settlement funds to Mr. Munoz.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of

- EX PARTE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER AND CASE MANAGEMENT STATEMENT

to be served this date via first class mail delivery upon the person(s) below at the place(s) and address(es) which are the last known address(es):

L. Stephen Turer, Esq.  
610 Davis Street  
Santa Rosa, CA 95401

Cherubim E. Hurdle  
151 N. Pleasant Hill Blvd.  
Pleasant Hill, IA 56327-7137

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of August, 2008, at San Francisco, California.

_____/S/_____  
ALICIA CHIN  
Paralegal/ AFU

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28