IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>APPROXIMATELY & $99,900 IN US CURRENCY,<br><br>        Defendant.                     / | No. C-08-01161 EDL<br><br>**ORDER DETERMINING THAT CHERUBIM HURDLE HAS FAILED TO STATE A CLAIM TO DEFENDANT $99,000 IN CURRENCY** |

       This is a judicial forfeiture action involving the seizure of defendant, approximately $99,000 in United States currency. The currency was seized during the execution of a search warrant on Michael Munoz's residence. Both he and his mother, Gloria Munoz, filed claims during the administrative forfeiture proceedings. The currency is now in the custody of the United States Marshals Service. The United States has conducted extensive settlement discussions with the Munoz's attorney, and the parties are working on preparing a settlement document.

       On March 27, 2008, an individual named Cherubim Hurdle filed a letter purporting to be a "verified claim." It appears that Hurdle discovered the pending action through an internet search. Hurdle filed very similar letters in forfeiture actions in Texas, California, Michigan, and Illinois, claiming to be a new business owner filing claims on behalf of future clients. These courts have either reclassified Hurdle's claim as a letter of interest and removed the designation as a claim (see, e.g., Attachment C to United States' Motion (May 1, 2008 Order Re-Designating Claim)), stricken Hurdle's claims (Attachment E to Motion (April 22, 2008 Order Striking Claim)), denied her motion to file a claim on the grounds that the claim is frivolous (Attachment F to Motion (May 2, 2008 Order)), or found that Hurdle lacked standing to contest the forfeiture (Attachment G to Motion

(May 1, 2008 Order)).

Here, Hurdle's claim fails to meet the requirements of Supplemental Rule of Civil Procedure G(5)(a)(i), which provides that a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." The Rule requires that the claim identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney. First, Hurdle does not identify the property claimed. There is no statement of the amount of the defendant funds she claims. Second, she does not identify the claimant and state the claimant's interest in the property. It seems that she is claiming the interest in the property as a "representative on behalf of [her] future clients," noting only that the property "may belong to one of my clients, or anyone else, a member of my family or a friend." This letter is essentially merely an offer letter to represent potential claimants in the forfeiture proceedings, as Hurdle admits in her opposition brief. See Hurdle Opp. at 3 (describing reason for contacting the court as "finding people entitled to their money and get it returned to them for a fee, noting "all I wanted to do was go into business").[1] Third, the letter is not verified, as there is no statement that the claim is made under penalty of perjury.

For these reasons, the United States' motion is granted. Hurdle has failed to state a claim and therefore lacks standing to contest the forfeiture of defendant funds.

**IT IS SO ORDERED.**

Dated: September 15, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] At other times in her opposition, Hurdle seems to indicate that if nobody else claims the property, she is entitled to it because of some theft or crime committed in the 1990's. This does not give her standing in this case, however.

2